IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv- 03297- NRN

MICHAEL LEAGO and IHE PRODUCTIONS LLC,

    Plaintiffs,

v.

JEREMY RICKS,

    Defendant.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

Plaintiffs Michael Leago ("Leago") and IHE Productions, LLC ("IHE") (collectively, "Plaintiffs") submit this Response to Defendant Jeremy Ricks' ("Defendant") Motion to Stay Discovery Pending the Resolution of Defendant's Motion to Dismiss (the "Motion to Stay" or "Mot.") (ECF No. 26). In support, Plaintiffs rely on and incorporate by reference: (i) the operative complaint in this action—*i.e.*, the Verified Amended Complaint (the "Amended Complaint" or "AC") (ECF No. 21); (ii) the papers they filed in response (the "Response") (ECF Nos. 29-30) to Defendant's Rule 12(b) Motion to Dismiss Plaintiffs' Verified Amended Complaint (the "Motion to Dismiss" or "MTD") (ECF No. 25); and (iii) the Declaration of Gabriel Levinson in Support of Plaintiffs' Response to Defendant's Motion to Stay Discovery, dated February 9, 2021 (the "Levinson Declaration" or "Levinson Decl.").

### PRELIMINARY STATEMENT

As an ostensible dilatory tactic, Defendant seeks to stay discovery in this action pending his meritless Motion to Dismiss. This Court should deny Defendant's request.

This is a dispute solely between two individual partners (Leago and Defendant) who formed a partnership to sell hemp starts. As demonstrated in Plaintiffs' Response, Defendant's arguments to avoid liability fail because no third party is necessary—let alone indispensable—to this action pursuant to Federal Rule of Civil Procedure ("FRCP") 19. Among other things, Defendant himself benefitted at the expense of Leago and the partnership when he allocated to himself, and purchased, approximately $4.6 million of the partnership's starts, and then refused to pay for them. Defendant, thus, is ***solely*** responsible for the damages he caused the partnership/Leago (and consequentially IHE). Hence, entering judgment against Defendant in this action will ***not*** affect any legitimate interests of Defendant's non-party management company, Front Range Harvest LLC ("FRH"), or the various farms (collectively, the "Farms") he apparently partnered with independent of his partnership with Leago. Further, Defendant does not (and cannot) provide a legal basis to dismiss any of the claims in this action. Rather, Defendant improperly attempts to insert his own version of the facts, which directly (and impermissibly) seek to contradict Plaintiffs' allegations in the Amended Complaint. (Response, ECF No. 29, *generally*.) Accordingly, Defendant's Motion to Dismiss should be denied.

Since Defendant's Motion to Dismiss fails to raise any meritorious arguments, the parallel motion he brings here to stay all discovery during the pendency of his Motion to Dismiss also should fail. Defendant should not be able to rely an unavailing Motion to Dismiss as a shield to indefinitely avoid his discovery obligations.

## **ARGUMENT**

### I.  THE COURT SHOULD DENY RICKS' MOTION TO STAY IN ITS ENTIRETY

Defendant contends this Court "must" stay all discovery in this action indefinitely because his Motion to Dismiss raises threshold jurisdictional issues that will dispose of the entire action

(Mot. at 3-10) and, therefore "[d]ismissal [of the Amended Complaint] is **inevitable**" (*id.* at 10-12; emphasis added).

Where a party "seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  The Tenth Circuit requires the movant to "make a strong showing of necessity" because "the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* (citation, quotation marks and alteration omitted).  *Id.*  In other words, a stay of a court's normal proceeding should be the exception rather than the rule.  As a result, **<u>this District generally disfavors stays of discovery</u>**.  *See, e.g., Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

In considering whether to grant a stay, the following "factors have been universally recognized as being critical to the proper balancing of the competing interests at stake": (i) the interests of Plaintiffs in proceeding expeditiously with the civil action and the potential prejudice to Plaintiffs of a delay; (ii) the burden on Defendant; (iii) the convenience to the court; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest.  *Chavez*, 2007 WL 683973 at *2 (citing, *inter alia*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).  Defendant (the party seeking to stay discovery) cannot meet his burden merely by relying on "speculation or conclusory statements."  *Weatherspoon v. Miller*, No. 11-CV-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011) (citation omitted).  Rather, Defendant "must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection."  *Id.* (citations omitted).  Considering these factors, Defendant fails

to meet his substantial burden to overcome this District's presumption disfavoring stays of discovery.

### A.  Plaintiffs Will Be Prejudiced If Discovery Is Stayed Indefinitely Pending the Court's Resolution of the Motion to Dismiss

Defendant's contention that Plaintiffs "will suffer no prejudice from waiting a few extra weeks until the Court resolves" his Motion to Dismiss (Mot. at 4) is misplaced.

In 2017, the average time in this District from the filing of a motion to dismiss to its determination was 6.2 months.  United States Magistrate Judge Michael E. Hegarty, *2017 Statistics for the U.S. District Court, District of Colorado*, at 30, https://facultyfederaladvocates.org/resources/Documents/Hegarty2018Materials.pdf.[1] "Delay is an element indigenous to many systems . . . that can have significant implications unless recognized and accounted for. . . .  In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 WL 683973 at *2 (citation omitted).

This is a particularly heightened concern, given the potential prejudice to Plaintiffs. Defendant contends that he has no obligation whatsoever to ensure that other members of *his* management company (FRH) are preserving potentially responsive materials, including ESI— despite: (i) Defendant's counsel conceding not only that FRH's other members/non-parties possess data relevant to this action, but also that they are the current repositories and custodians of such data; and (ii) Plaintiffs' counsel's December 8, 2020 litigation hold letter to Defendant's counsel

---

[1]  "The Court is entitled to take judicial notice of facts which are of public record and not subject to reasonable dispute." *Ramsay v. Frontier, Inc.*, No. 19-CV-03544-CMA-NRN, 2020 WL 4557545, at *4 (D. Colo. July 30, 2020) (Neureiter, N. Reid) (citing *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)) (taking judicial notice of number of passengers carried by airline).

advising that Defendant's preservation obligation includes all such individuals. (*See* Levinson Decl. ¶ 4; Ex. 1.)  Defendant's counsel's position is in spite of, and in direct contradiction to, Defendant's contention in his motions to stay all discovery and dismiss the Amended Complaint that FRH is an indispensable party to this action, which Plaintiffs contest.  Moreover, Defendant's counsel repeatedly refused during the parties' Rule 26(f) conferences to disclose the identity of the members of FRH, and their contact information.  Defendant also has refused to serve their Rule 26(a)(1) initial disclosures, which presumably would contain this information.  (Levinson Decl. ¶ 5.)  Accordingly, FRH-affiliated non-parties are in possession of responsive documents but still are not subject to a preservation notice at this time, which may result in spoliation.

"Consequently, essentially staying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences." *Chavez*, 2007 WL 683973 at *2; *accord String Cheese*, 2006 WL 894955 at *2 ("to grant defendants' motion could delay the proceedings for an unknown period of time until there is a ruling on the pending motion and that the delay would significantly impact and prejudice plaintiff's right to pursue its case and vindicate its claim expeditiously) (citation, quotation marks and alteration omitted); *Rocha v. CCCF Admin.*, No. 09-CV-01432-CMA-MEH, 2010 WL 291966, at *2 (D. Colo. Jan. 20, 2010) ("First, staying the case while Defendants' Motion to Dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.").  "In addition, motions to dismiss are denied more often than they result in the termination of a case."  *Chavez*, 2007 WL 683973 at *2.  As such, "it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Id.*

Similarly misplaced is Defendant's assertion that his Motion to Dismiss raises a threshold

5

jurisdictional challenge that merits a stay of discovery. Not so. Defendant's Motion to Dismiss directly relates to compulsory joinder under FRCP 12(b)(7) and FRCP 19, not subject matter or personal jurisdiction. Critically, none of the cases Defendant cites in support of his motion (Mot. at 5) stand for the proposition that discovery should be stayed pending the resolution of a motion to dismiss for failure to join a party under FRCP 19, and therefore are inapposite. *See Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-CV-00047-PAB-KLM, 2013 WL 3146972, at *1 (D. Colo. June 19, 2013) (granting stay where defendant argued court lacked personal jurisdiction and plaintiff consented to delaying discovery); *Maynard v. Colorado Supreme Court Office of Attorney Regulation Counsel*, No. 09-CV-02052-WYD-KMT, 2010 WL 231555, at *1-2 (D. Colo. Jan. 13, 2010) (granting stay where defendant argued court lacked subject matter jurisdiction pursuant to FRCP 12(b)(1) based on *Rooker-Feldman* doctrine and Eleventh Amendment immunity); *cf. Weatherspoon v. Miller*, No. 11-CV-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011) (noting that the general presumption in this District that disfavors stays of discovery is relaxed only for motions directly related to subject matter and/or personal jurisdiction, which are raised procedurally pursuant to 12(b)(1) or 12(b)(2), respectively).

Defendant's citations to *Stone v. Vail Resorts Development Company*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) and *Namoko v. Milgard Manufacturing., Inc.*, No. CIV.A. 06-CV-02031WD, 2007 WL 1063564 (D. Colo. Apr. 6, 2007) (Mot. at 5) are likewise misplaced. Both of those cases have inapposite facts and/or issues. In *Stone*, the court granted a motion to stay discovery pending the determination of a motion to compel arbitration and based its decision on the unique facts of that case, including: (i) the parties' dispute centered on language in publicly-filed documents such that there was no risk of fading witness memories that militated in favor of discovery pending the motion; (ii) the action was

6

brought as putative class action, but the arbitration agreement that arguably governed the dispute barred class actions such that substantial portions of discovery pending resolution of the motion could be rendered ultimately useless and a waste of the parties' time and resources; (iii) the arbitration agreement itself limited discovery; (iv) if discovery was not stayed and the motion was eventually granted, the court would have "expended significant resources managing a complex class-action suit unnecessarily"; and (v) "the Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration." 2010 WL 148278 at *1-4. Here, however, there is no arbitration agreement at issue; this dispute raises issues concerning an oral partnership agreement (AC ¶¶ 10-14) such that fading witness memories may very well be an issue; this is a relatively straightforward dispute between two former business partners (*id.* at ¶ 1), not an unwieldy class action; any discovery taken in this action would not be a waste of the resources because Defendant does not seek to be dismissed entirely from this action and effectively concedes three of Plaintiffs' claims against Defendant are valid (MTD at 5 n.2; *see also* Response at 4 n.1 (setting forth Defendant's concession, through waiver, that three out of the seven claims asserted in the Amended Complaint are not subject to dismissal on FRCP 12(b)(6) grounds)); and the Colorado legislature has not expressed any public policy directed at staying proceedings in connection with a motion to dismiss pursuant to FRCP 12(b)(6) or 12(b)(7).

In *Namoko*, the defendant moved the Magistrate Judge to stay discovery until the District Court ruled on the Magistrate Judge's recommendation that addressed the merits of the defendant's motion to dismiss for failure to bring a timely claim, finding that the motion was both "meritorious and case dispositive". 2007 WL 1063564 at *1-2. Unlike *Namoko*, this Court has **not** ruled that

Defendant's motion to dismiss pursuant to FRCP 12(b)(6) is "meritorious and case dispositive". Nor should it for the reasons discussed *infra*.

>    B.   **Defendant Would Not Be Burdened by Proceeding with Discovery During the Pendency of the Motion to Dismiss**

Defendant argues he would be substantially burdened if the Court does not grant a stay because he would incur "expenses associated with discovery and, very likely, be obligated to produce confidential materials to which Plaintiffs would not be entitled had they joined the appropriate parties." (Mot. at 5-6.) Defendant's argument is meritless. *First*, "unless the challenged discovery is unduly burdensome on its face, a party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense." *Weatherspoon*, 2010 WL 1485935 at *2 (citation omitted). This is because "defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs." *Rocha*, 2010 WL 291966 at *2. Plaintiffs have served no discovery in this action yet; thus, there can be no claim of undue burden at this time.

*Second*, Defendant's claim that he is raising a jurisdictional challenge entitling him to a stay (Mot. at 6) is belied by the record, which reflects Defendant has not "asserted a jurisdictional defense pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(2) for which stays of discovery are generally favored." *Weatherspoon*, 2010 WL 1485935 at *2; *see also Rocha*, 2010 WL 291966 at *2 ("Although Defendants have filed a motion that may dispose of the Plaintiffs' case, the motion is not based primarily on grounds typically warranting a stay, such as questions of the Court's jurisdiction or immunity.")[2] Thus, "[w]ithout affidavits, documentation or detailed explanation,

---

[2] The cases Defendant cites for the proposition that "[c]ourts have dealt with cases identical to the one here and have consistently recognized that a stay is warranted while the issue of jurisdiction is being resolved" are inapposite and do not support Defendant's Motion to Stay. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th

8

the Court cannot determine the extent of the burden on [Defendant] and cannot justify imposing an indefinite stay of the proceedings in this matter." *Weatherspoon*, 2010 WL 1485935 at *2; *see also Rocha*, 2010 WL 291966 at *2 (holding that "there is no evidence of a special burden" to defendant warranting a stay of discovery where defendant's motion was not based on any jurisdictional or immunity defense).

*Third*, assuming, *arguendo*, Defendant's Motion to Dismiss is granted (and it should not be), discovery in this action would not be "squandered" or "doubled" (Mot. at 7). Significantly, Defendant concedes he will remain a party to this action whether it remains in this Court or not. (*See* MTD at 5 n.2 (where Defendant explicitly concedes he "**is not saying that this Court must dismiss him as a party** and join FRH instead") (emphasis in original).) Thus, as this Court has previously held, "[w]hatever discovery occurs in this case (even if the federal suit is ultimately dismissed without prejudice) nevertheless could be used in any subsequent state court matter." *Estate of Saenz v. Bitterman*, No. 20-CV-00848-NRN, 2020 WL 6870565, at *3 (D. Colo. May 15, 2020) (Neureiter, N. Reid).

### C. Staying All Discovery Indefinitely While this Court Decides Defendant's Motion to Dismiss Undermines Judicial Economy

Defendant argues that staying discovery would conserve judicial economy because the Court does not have subject matter jurisdiction, and the Court would be better served focusing its energy on resolving his Motion to Dismiss rather than addressing any discovery disputes. (Mot. at 7-8.) Defendant's argument is misplaced.

*First*, as demonstrated *infra* and in Plaintiffs' Response, Defendant's Motion to Dismiss

---

Cir. 2003) (holding, without any analysis, that the trial court did not abuse its discretion in granting a protective order pending resolution of the motion to dismiss); *Rivera v. Littleton Hous. Auth.*, No. 13-CV-01949-KMT, 2014 WL 841511, at *1 (Mar. 4, 2014) (addressing an unopposed motion to stay discovery); *Burdin v. James*, No. 15-CV-02136-MEH (addressing an unopposed motion to stay discovery pending resolution of the FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity).

9

fails in its entirety and should be dismissed. (Response, ECF No. 29, *generally*.) *Second*, Defendant seeks an indefinite stay of discovery, which is particularly disfavored in this District because such a stay "could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability. The general interests of controlling the court's docket and the fair and speedy administration of justice prompt the Court to find that this factor weighs against granting the requested stay." *Weatherspoon*, 2011 WL 1485935 at *2; *see also Rocha*, 2010 WL 291966 at *2 ("[T]he general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Discovery be denied."). Similarly, this Court has held that "[j]udicial efficiency counsels against a stay" were, as here, Plaintiffs would be entitled to refile their claims in state court and the same discovery would be applicable in that forum. *Bitterman*, 2020 WL 6870565 at *3.

> **D.    This Action Does Not Implicate Any Third Party or Public Interest**

Defendant's assertion that a stay of discovery is appropriate to protect the interests of non-parties that are not joined in this action is a strawman argument based on his meritless argument that FRH and the Farms are indispensable parties to this action under FRCP 19 (*see* Mot. at 8-10). As demonstrated in Plaintiffs' Response, this action solely relates to a partnership dispute between Leago and Defendant—there never has been and is no other party to the partnership agreement. (Response at 7-9.) As such, neither FRH nor any of the Farms has an interest in this action that would be prejudiced by discovery proceeding pending the Court's ruling on Defendant's Motion to Dismiss.

Similarly, the public's interest is not affected, contrary to Defendant's assertion otherwise (Mot. at 10). As demonstrated *supra*, there would be no "wasteful efforts" of the Court (*id.* (citation omitted)) since: (i) the Court has a general interest in controlling its own docket and administering the fair and speedy administration of justice; and (ii) even if Defendant's Motion to

Dismiss were granted (and it should not be), any discovery taken in this action would be applicable to a refiled action in state court.

## II. DEFENDANT'S MOTION TO DISMISS DOES NOT HAVE A SIGNIFICANT LIKELIHOOD OF SUCCESS AND/OR DISPOSING OF THIS ENTIRE ACTION

Staying discovery in this action will result in unnecessary delay since Defendant's Motion to Dismiss will not completely dispose of the case. For the reasons demonstrated in Plaintiffs' Response, Defendant's Motion to Dismiss does *not* have a likelihood of success. (Response, ECF No. 29, *generally*.) *First*, Defendant fails to demonstrate that FRH and/or the Farms is a necessary party under FRCP 19(a)—let alone an indispensable party under FRCP 19(b)—because: (i) Plaintiffs can obtain full relief from him without joining FRH and/or the Farms; (ii) neither FRH nor any of the Farms has any interest in this action—which is a dispute between the two sole partners to a partnership agreement—and, even if they did, Defendant, as a member of FRH, could represent and protect FRH's interests himself or Defendant could join FRH and/or the Farms pursuant to FRCP 14 in order to avoid any inconsistent obligations. (Response at 9-11.) Because FRCP 19(a) does not apply to FRH or the Farms, FRCP 19(b) cannot be applied to dismiss this action. *Brown*, 612 F.2d 497.

*Second*, the Amended Complaint adequately alleges all of its claims against Defendant. Among other grounds, contrary to Defendant's assertions (Mot. at 10), Leago was not required to provide an accounting prior to commencing this action because limited purpose partnerships that have concluded prior to the commencement of the action, like the one at issue here (AC ¶ 39), do not require an accounting. *See, e.g.*, *Levy v. Levitt*, 3 F. App'x 944 (10th Cir. 2001). Moreover, the Amended Complaint alleges Defendant always has possessed the information requested in the accounting, and separately has been provided with the requested accounting. (AC ¶¶ 37-39.) Further, the Amended Complaint states claims for breach of the implied covenant of good faith

11

and fair dealing, breach of fiduciary duty, and promissory estoppel against Defendant. (AC ¶¶ 53-61, 83-89, 90-96.) And even if those claims failed (which they do not), Defendant failed to challenge the sufficiency of the Amended Complaint's claims for account stated, goods sold and delivered, and unjust enrichment (Response at 4 n.1, 12), and therefore has waived any challenge to those claims at this time. *See State Police for Automatic Ret. Ass'n v. Difava*, 164 F. Supp. 2d 141, 157 (D. Mass. 2001), *aff'd*, 317 F.3d 6 (1st Cir. 2003) (stating that allegations not briefed in motion to dismiss were waived).

### III. IN THE ALTERNATIVE, THE COURT SHOULD PERMIT LIMITED DISCOVERY PENDING ITS RULING ON THE MOTION TO DISMISS

If the Court is inclined to grant Defendant's Motion to Stay (and it should not), the Court should instead permit limited discovery that focuses on the claims Defendant failed to challenge in his Motion to Dismiss. *See Montano v. Chao*, No. 07-CV-00735-EWN-MEH, 2007 WL 2746735, at *1 (D. Colo. Sept. 19, 2007) (denying motion to stay discovery entirely pending resolution of defendants' motion to dismiss for lack of subject matter jurisdiction where, as here, the Court's inherent power permits it to allow limited discovery and monitor such discovery)

### CONCLUSION

For the foregoing reasons, and the reasons set forth in the Response and Levinson Declaration, Plaintiffs respectfully request that the Court deny Defendant's Motion to Stay in its entirety, or in the alternative, deny it in part and grant limited discovery.

DATED this 10th day of February, 2021

                                                      Respectfully submitted,

                                                      */s/ Ghislaine G. Torres Bruner*
                                                      Ghislaine G. Torres Bruner, #47619
                                                      Gabriel Levinson
                                                      (* Admitted in New York, New Jersey, and the
                                                      U.S. District Court, District of Colorado)
                                                      Darnell S. Stanislaus

(** Admitted in New York and the
U.S. District Court, District of Colorado)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Phone: (212) 413-2853
Email: gbruner@polsinelli.com
          glevinson@polsinelli.com
          dstanislaus@polsinelli.com

*Attorneys for Plaintiffs Michael Leago and IHE Productions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2021, I served a true and correct copy of the foregoing via CM/ECF, which will send electronic notification to all parties and their counsel.

s/   Jessica Vecchio
      JESSICA VECCHIO