IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03297-NRN

MICHAEL LEAGO and
IHE PRODUCTIONS LLC,

Plaintiffs,

v.

JEREMY RICKS,

Defendant.

---

**ORDER ON
DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, DISMISS
WITHOUT PREJUDICE PURSUANT TO THE COLORADO RIVER ABSTENTION
DOCTRINE (DKT. #50)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before me on the consent of the parties (Dkt. #12), referred for all purposes by Chief Judge Philip A. Brimmer pursuant to 28 U.S.C. § 636(c). (Dkt. #15.) Now before me is Defendant Jeremy Ricks' ("Ricks") Motion to Stay, or in the Alternative, Dismiss Without Prejudice Pursuant to the *Colorado River* Abstention Doctrine. (Dkt. #50.) Plaintiffs Michael Leago ("Leago") and IHE Productions, LLC ("IHE") (collectively, "Plaintiffs") filed a response (Dkt. #54), and Ricks filed a reply. (Dkt. #55.) A Motion Hearing was held on May 26, 2021. (*See* Dkt. #56). I have taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, it is hereby **ORDERED** that the subject motion (Dkt. #50) is **GRANTED**.

## BACKGROUND

I set forth in detail the background of this case in my Order on Defendant Ricks' Motion to Dismiss Plaintiffs' Verified Amended Complaint (Dkt. #45), but, given the nature of the subject motion, a summary is appropriate.

Leago is the sole member of IHE, which, as a licensed hemp broker, helps farmers buy and source industrial hemp genetics. Plaintiffs allege that Leago and Ricks entered into an oral partnership agreement wherein each agreed to contribute to a pool of hemp seeds, grow the seeds into young plants, called "starts," at Altman Nursey ("Altman"), and then sell the starts using IHE's industry connections. Leago and Ricks would each be entitled to his respective pro rata share of profits obtained from the partnership's sale of the starts, and both IHE and Front Range Harvest, LLC ("FRH"), a Colorado limited liability company of which Ricks was a member, would receive a management fee. Ricks had the authority to allocate to himself any amount of the partnership starts.

Leago alleges that Ricks violated the oral partnership agreement by not paying the agreed-upon management fee to IHE (totaling over $400,000) and by not paying IHE over $4.5 million for starts IHE sold and distributed, at Ricks' request, to Ricks, FRH, and Ricks' affiliated ventures. Even though a number of IHE's invoices set forth the names of Ricks' other purported business partners' farms (such as 7C Farms, Sangre de Cristo, and Birds & Bees), Leago alleges that Ricks repeatedly agreed and promised him that Ricks was personally liable for and would pay the amounts due on the invoices, despite the invoices naming the farms (rather than Ricks) as recipients of the starts.

Plaintiffs assert claims for breach of contract and breach of the implied duty of good faith and fair dealing, for an account stated, for "goods sold and delivered," for breach of fiduciary duty, and for promissory estoppel and unjust enrichment. These are state law claims only. Plaintiffs assert no claims arising under federal law or the Constitution of the United States.

On January 18, 2021, Ricks moved to dismiss Plaintiffs' Verified Amended Complaint on several grounds. He contended that he entered into the partnership agreement with Leago on behalf of FRH, not personally, and that FRH was an indispensable party that Plaintiffs did not join because doing so would destroy diversity jurisdiction. Ricks further argued that the farms that received the starts are liable to IHE for any unpaid balances and are therefore required parties that cannot be joined without defeating diversity prerequisites. Ricks also claimed that Plaintiffs' allegation that he guaranteed payment on behalf of the farms is barred by the Colorado statute of frauds. Finally, he sought dismissal of some claims for failure to state a claim under Rule 12(b)(6).

I denied the motion to dismiss on March 30, 2021. I determined that that Verified Amended Complaint, accepted as true, alleged that the partnership agreement was between Leago and Ricks, and that Ricks did not meet his burden in demonstrating that FRH was an indispensable party. I also posited that if Ricks feared that he could be held liable for the hemp starts delivered to the farms, he could join those farms as third-party defendants. I then rejected Ricks' Rule 12(b)(6) arguments.

I noted in my order that, in his reply brief, Ricks first mentioned that I should abstain from adjudicating this action out of deference to a state court proceeding,

3

captioned *Front Range Harvest LLC v. Leago*, case number 2021-cv-30155, filed in the District Court for Boulder County, Colorado on February 19, 2021 (the "State Court Action"). However, I also noted that Ricks neither requested a stay nor adequately briefed the issue, and I declined to address the abstention issue. The subject motion followed.

Ricks now asks that this case be stayed or dismissed without prejudice under the abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Ricks argues that the parallel State Court Action is a proper forum and allowing that proceeding to go forward while this one is stayed will avoid piecemeal litigation while simultaneously protecting the rights of all parties.

## RELEVANT LAW

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River*, 424 U.S. at 817. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959). Abdication of this duty is appropriate "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* Thus, the "proposition that a court having jurisdiction must exercise it, is not universally true. . . ." *Canada Malting Co. v. Paterson S.S., Ltd.*, 285 U.S. 413, 422 (1932). It is accepted that federal courts have the power to refrain from hearing "cases which are duplicative of a pending state proceeding." *D.A.*

*Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting *Quackenbush v. Allstate Ins. Co.* 517 U.S. 706, 716–17 (1996)).

The principle of avoidance of duplicative litigation is at the core of the *Colorado River* doctrine. *Id.* In *Colorado River*, the Supreme Court held that abstention may be properly invoked on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817 (quotation marks, alterations, and citation omitted); *see also Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 707 (10th Cir. 1988) ("*Colorado River* abstention is based on the policy of conserving judicial resources in situations involving the contemporaneous exercise of concurrent jurisdictions.").

To determine whether *Colorado River* applies, "a federal court must first determine whether the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (internal quotation marks omitted). If the cases are parallel, the court must consider a multitude of other factors in deciding whether to surrender jurisdiction until the conclusion of state court proceedings. *Allen v. Board of Educ., Unified Sch. Dist.* 436, 68 F.3d 401, 403 (10th Cir. 1995). There are eight, non-exclusive factors to consider in deciding whether a federal court should defer to the state proceedings:

  1. the possibility that one of the two courts has exercised jurisdiction over property;
  2. the inconvenience from litigating in the federal forum;
  3. the avoidance of piecemeal litigation;
  4. the sequence in which the courts obtained jurisdiction;

    5. the "vexatious or reactive nature" of either case;

    6. the source of the governing law and the applicability of federal law;

    7. the potential for the state-court action to provide an effective remedy for the federal plaintiff;

    8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121 (10th Cir. 2018) (citing *Fox*, 16 F.3d at 1082); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21-26 (1983) (adding as factors to be considered in the *Colorado River* balancing test, the source of the governing law; the adequacy of the state court action to protect the rights of the parties; and the relative progress of the state and federal court actions); *D.A. Osguthorpe*, 705 F.3d at 1234-35. These factors should be balanced, and no single factor is dispositive. *Masterpiece Cakeshop Inc. v. Elenis*, 445 F. Supp. 3d 1226, 1246 (D. Colo. 2019) (citing *Fox*, 16 F.3d at 1082). The Supreme Court has instructed specifically that the balancing test "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Cone Mem'l Hosp.*, 460 U.S. at 21.

## ANALYSIS

    The first question is whether this case and the State Court Action are parallel proceedings, such that the State Court Action is an "adequate vehicle for the complete and prompt resolution of the issue between the parties," and "the federal court will have nothing further to do in resolving any substantive part of the case." *Fox*, 16 F.3d 1081–82. Plaintiffs do not contest that the State Court Action is parallel to this action, "given the overlap of the parties and core allegations and claims asserted . . . ." (Dkt. #54 at 5 n.1.) I agree and find that the two suits are parallel for *Colorado River* purposes.

Turning to the applicable factors, I find that the first is inapplicable because there is no property involved in this case.

The second factor involves the convenience of the federal forum. Geographically, both proceedings are in the state of Colorado, which does not weigh in favor of abstention. However, Ricks argues that I should also consider the inconvenience and hardship that all parties will feel from permitting this case to go forward without FRH, which, even if it is not a necessary party, still has an undeniable interest in the subject matter of the case but cannot be joined as a defendant. Ricks also claims that simultaneous, parallel, and duplicative proceedings in multiple forums is a hardship which renders the federal forum inconvenient. The former argument seems better addressed in the next factor (the desire to avoid piecemeal litigation), and the latter appears to conflate the inconvenience of the forum with the initial determination that the state and federal proceedings are parallel.

At oral argument, Leago did argue that a number of the potential witnesses are outside the state of Colorado, and the use of the Federal Rules of Civil Procedure and a federal court's ability to effectuate national service of process for depositions and subpoenas makes the federal forum more convenient for litigation that will involve nationwide discovery. There is some merit to this argument, although the use of letters rogatory and commissions in a state court proceeding allows for the taking of out-of-state depositions in a Colorado state court litigation without too much additional trouble. *See* Colo. R. Civ. P. 28. I find that the convenience factor weighs against abstention, but only marginally so.

The third factor—the danger of piecemeal litigation—is the "paramount consideration" in the *Colorado River* analysis. *Osguthorpe*, 705 F.3d at 1234. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, Inc. v. Cont'l Ins. C*o., 843 F.2d 1253, 1258 (9th Cir. 1988). I find this factor weighs heavily in favor of abstention. The federal forum prevents Plaintiffs from joining FRH, a proper (if not necessary and indispensable) party because doing so would destroy diversity jurisdiction. The State Court Action initiated by FRH substantially overlaps given the parties and nature of the claims, and Colorado state court is the only forum where all the issues can be addressed in a single action. Plaintiffs do not dispute that there is a substantial likelihood that the state litigation would dispose of all the claims presented in this case. The reverse is not true, as Ricks cannot assert FRH's claims against Plaintiffs in this forum. This will necessarily result in piecemeal litigation.[1] Plaintiffs suggest that piecemeal litigation can be avoided by a stay of the State Court Action. As Ricks points out, however, a stay of the State Court Action would result in FRH being shut out from the litigation entirely because it cannot participate here. In addition to duplicative efforts by the state and federal court, there also exists a possibility that different results will be reached. As I mentioned in my earlier order, a factfinder in this case could find that Ricks entered into the partnership agreement with Leago, rejecting Ricks' defenses, and making him personally liable. Conversely, if the factfinder credits his defenses, he would

---

[1] Plaintiff correctly points out that I have already determined that this Court has subject matter jurisdiction over this case. However, that is not the issue currently before me. The *Colorado River* doctrine comes into play when both the state and federal court can properly exercise jurisdiction, but the "important countervailing interest" of conserving judicial resources counsels abstention. *See Colo. River*, 424 U.S. at 817.

be off the hook. Although I explained that Ricks would not be liable twice under either circumstance, it is equally true that a factfinder in the State Court Action could find that (1) Ricks was acting on behalf of FRH, (2) FRH had the oral partnership agreement with Leago, (3) FRH did not violate that agreement, and (4) Leago did violate the agreement. I agree with Ricks that this is a potential recipe for conflicting rulings. And Plaintiffs' suggestion that Ricks implead FRH under Rule 14 is hampered by the fact that Ricks insists that neither he nor the FRH entity are liable to Leago, which arguably would make any claim he asserts against FHR legally frivolous.

A case out of the Eighth Circuit, *Fiedler by Fiedler v. Reliance Elec. Co.*, 823 F.2d 269 (8th Cir. 1987), has relevance to the instance case. In *Fiedler*, the district court determined that a third party was a proper party to the litigation, "yet his joinder in the federal action would have resulted in the destruction of diversity jurisdiction." *Fielder*, 823 F.2d at 270. The Eight Circuit affirmed the district court's decision to dismiss the case and send "the parties to state court, where plaintiffs' entire case, which is based solely upon state law, can be tried in one fell swoop and relief, if any is obtained, can be had against all the proper parties." *Id*. The Eighth Circuit held that the district court's action in dismissing well served "the interests of judicial economy that Colorado River seeks to accommodate." *Id*. at 270–71. I likewise find that the "paramount" factor of avoiding piecemeal litigation weighs in favor of abstention.

Next, although this case was filed first, the fourth factor "is not a strict first-past-the-post analysis; rather, priority is measured 'in terms of how much progress has been made in the two actions.'" *Watermark Harvard Square, LLC v. Calvin*, No. 17-cv-00446-RM-KMT, 2018 WL 1166707, at *5 (D. Colo. Mar. 6, 2018), *report and recommendation*

*adopted*, No. 17-cv-00446-RM-KMT, 2018 WL 1952587 (D. Colo. Mar. 29, 2018) (quoting *Cone Mem'l Hosp.*, 460 U.S. at 21–22). In general, the federal court should exercise jurisdiction in instances where substantial proceedings have not taken place in state court. *Id.* Here, the temporal difference is marginal as the State Court Action was filed on February 19, 2021, three months after the federal suit. And while I did decide a motion to dismiss, it was mainly on jurisdictional grounds; the Rule 12(b)(6) argument and discussion was limited. Moreover, a Scheduling Order was only issued in April 2021 (Dkt. #53), and Ricks' Answer was filed on June 9, 2021. (Dkt. #58.) Both cases are therefore in their early stages. This factor weighs slightly against abstention.

Contrary to Plaintiffs' arguments, I do not find that the State Court Action was vexatious or reactive in nature. I credit the explanation that the case was filed because one of the plaintiffs there, FRH, is not and cannot be a party to this lawsuit. Accordingly, this factor is neutral.

This case does not involve any federal issues. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (holding that a federal court sitting in diversity applies the substantive law of forum state). Indeed, in what is essentially a commercial, contract, partnership dispute (involving what appears to be a relatively complex oral agreement involving millions of dollars' worth of hemp plant starts), there will likely be a need to apply numerous principles of Colorado state law. A Colorado trial judge is well-suited to determine issues of Colorado state commercial and partnership law compared to a federal court which will be looking to Colorado state precedent for guidance. Therefore, the sixth factor weighs in favor of abstention. *See MacIntyre v. JP Morgan Chase Bank*, No. 12-cv-2586-WJM-MEH, 2015 WL 1311241, at *4 (D. Colo. Mar. 19,

2015), *aff'd*, 644 F. App'x 806 (10th Cir. 2016). ("[A]s a practical matter, the presence of federal claims would counsel in favor of exercising jurisdiction, while the lack of such claims renders more reasonable a court's decision to decline jurisdiction.").

With respect to the seventh factor, I have no trouble concluding that the Colorado state court proceedings will adequately protect not only Leago's rights, but the rights of all the parties to this dispute. Colorado's judiciary is chosen via a merit-selection process where judges are appointed by the governor from a list of nominees submitted by a judicial nomination commission, and judges stand for retention election at least two years after their appointment. Judicial performance commissions evaluate the performance of judges and judges stand for retention at least two years after their appointment. This is a lauded system that seeks to ensure judicial competence, impartiality, and independence. *See* David P. Hersh, *Selection of Independent Colorado Judges*, The Docket (January 23, 2015) (https://www.dbadocket.org/ethics/selection-of-independent-colorado-judges/) (noting that Colorado's merit selection system "ensures that judicial officers have the skills, aptitude, and inclination necessary to effectively serve on the bench").

As to the final factor, Ricks argues that by choosing a forum in which FRH could not participate, Plaintiffs clearly engaged in forum shopping. I will not go that far, but it remains the case that, whether through Plaintiffs' machinations or by happenstance, the State Court Action is the only forum where all the claims, parties, and issues can be properly heard, and all aspects of this dispute can be resolved with finality.

Accordingly, on balance and under the specific circumstances of this unusual case, I find the above factors weigh in favor of abstaining from the exercise of

jurisdiction. *See MacIntyre v. JP Morgan Chase Bank*, 644 F. App'x 806, 808 (10th Cir. 2016) (unpublished) (affirming district court's decision to dismiss under *Colorado River*); *Osguthorpe*, 705 F.3d at 1235–36 (the same); *U.S. for & on Behalf of Acoma & Laguna Indian Pueblos v. Bluewater-Toltec Irrigation Dist. of New Mexico*, 806 F.2d 986, 986 (10th Cir. 1986) (the same); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669 (10th Cir.), *cert. denied sub nom. Lindauer v. Elna Sefcovic, LLC*, 141 S. Ct. 850, 208 L. Ed. 2d 424 (2020) (noting the "broad discretion accorded a district court in deciding whether to abstain under *Colorado River*").

Having determined that abstention under *Colorado River* is appropriate, I must decide whether to stay the claims pending the resolution of the state proceedings, or alternatively whether to dismiss. When it is possible that "the state court proceedings [may] not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Fox*, 16 F.3d at 1082. Although Plaintiffs' pending claims will almost certainly be resolved in the State Court Action, out of an abundance of caution, I find that a stay is more appropriate. *See id.* at 1083 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings.").

## CONCLUSION

For the foregoing reasons, Defendant's Jeremy Ricks Motion to Stay, or in the Alternative, Dismiss Without Prejudice Pursuant to the *Colorado River* Abstention Doctrine (Dkt. #50) is **GRANTED**. This action is **STAYED** and will be administratively closed pending resolution of *Range Harvest LLC v. Leago*, case number 2021-cv-30155, filed in the District Court for Boulder County, Colorado. The parties are directed

to contact the Court to schedule a status conference within 10 days after final resolution of the State Court Action.

Dated this 28th day of June, 2021.

                                                        N. Reid Neureiter
                                                       United States Magistrate Judge